NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civ. No. 15-cv-03002 (WHW)(CLW) |
| ROBERT WALLER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**Walls, Senior District Judge**

In this copyright infringement action, Plaintiff Malibu Media, LLC alleges that Defendant Robert Waller violated federal copyright laws by distributing digital movie files of Malibu Media's copyrighted works over the BitTorrent file distribution network without Plaintiff's authorization. Plaintiff moves for default judgment against Defendant, and Defendant moves to set aside the default that has been entered against him. Decided without oral argument under Fed. R. Civ. P. 78, Plaintiff's motion for default judgment is denied and Defendant's motion to set aside the entry of default is granted.

## PROCEDURAL AND FACTUAL BACKGROUND

Unless otherwise specified, the following facts are taken as alleged in Plaintiff's amended complaint, ECF No. 8. Plaintiff Malibu Media, LLC (d/b/a "X-Art.com") ("Malibu Media") is a limited liability company organized and existing under the laws of California and has its principal place of business located at 409 W. Olympic Blvd., Suite 501, Los Angeles, CA 90015. ECF No. 8 ¶ 9. Plaintiff operates a website containing various motion pictures, the copyrights for which are held by Plaintiff (the "copyrighted works"). *Id.* ¶ 2. Defendant Robert Waller is an individual residing at 78 Bucknell Avenue, Woodbridge, NJ 07095. *Id.* ¶ 10.

1

The BitTorrent file distribution network ("BitTorrent") is a peer-to-peer file sharing system for distributing large amounts of data. *Id.* ¶¶ 2, 11. In order to distribute a large file, BitTorrent breaks the file down into small pieces, known as "bits," which users exchange directly with each other. *Id.* ¶ 13. After a user receives all of the bits of a file, the user's BitTorrent client software reassembles the bits so that the file may be opened and used. *Id.* ¶ 14. Each bit of a file is assigned a unique "cryptographic hash value" that identifies the bit and ensures it is properly routed between users. *Id.* ¶ 16. Each entire digital file also has a unique cryptographic hash value that acts as a "digital fingerprint" to identify the file as complete and accurate. *Id.* ¶ 17.

On an unspecified date, IPP International UG ("IPP International"), an investigator hired by Plaintiff, established a connection with a BitTorrent user assigned the internet protocol ("IP") address 24.0.1.237 and downloaded bits from two digital media files. *Id.* ¶¶ 18, 23, ECF No. 8-1 Ex. A: File Hashes for IP Address 24.0.1.237. After downloading full copies of each file from BitTorrent, IPP International used the unique hash values for each file to identify one file as "Pleasant Surprise," a copyrighted work belonging to Plaintiff, and the other as as "X-art Unauthorized Pack #89," a file containing digital copies of 127 separate copyrighted works owned by Plaintiff. *Id.*, ECF No. 8-1 Ex. B: Copyrights-In-Suit for IP Address 24.0.1.237. IPP International periodically continued to connect with IP address 24.0.1.237, most recently on March 2, 2015, and confirmed that both files remained available from the user. *Id.*

On April 29, 2015, Plaintiff filed a complaint in this Court alleging that the anonymous BitTorrent user assigned IP address 24.0.1.237 intentionally violated Plaintiff's exclusive right to: (A) reproduce the 128 copyrighted works in copies, in violation of 17 U.S.C. §§ 106(1) and 501; (B) redistribute the copyrighted works to the public by sale or other transfer of ownership,

rental, lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; (C) perform the copyrighted works, in violation of 17 U.S.C. §§ 106(4) and 501; and (D) display the copyrighted works, in violation of 17 U.S.C. §§ 106(5) and 501. Complaint, ECF No. 1 ¶¶ 34. Plaintiff requested that the Court: (A) permanently enjoin the user assigned IP address 24.0.1.237 and all other persons working with this user from continuing to infringe Plaintiff's copyrighted works; (B) order this user to permanently delete all digital files relating to the copyrighted works from all computers under the user's possession, custody, or control; (C) order the user to permanently delete any additional copies of the files; (D) award Plaintiff statutory damages per infringed copyrighted work, as provided by 17 U.S.C. § 504-(a) and (c); (E) award Plaintiff attorneys' fees and costs, as provided by 17 U.S.C. § 505; and (F) grant any further relief the Court deems just and proper. *Id.* ¶ 35.

On June 2, 2015, Magistrate Judge Cathy L. Waldor granted Plaintiff's motion to serve a third-party subpoena on Comcast Cable Holdings ("Comcast"), the internet service provider of the Defendant BitTorrent user assigned IP address 24.0.1.237, directing Comcast to disclose the Defendant user's "true name and address." ECF No. 5 at 2.

On September 10, 2015, Plaintiff filed an amended complaint naming Robert Waller as the Defendant BitTorrent user associated with the IP address 24.0.1.237 and repeating the factual allegations, cause of action, and plea for relief contained in the first complaint. ECF No. 8. Defendant Waller was served with a summons on September 25, 2015, and Plaintiff filed the executed summons with this Court on September 29, 2015. ECF No. 12. Defendant is not a minor, incompetent, or in active duty military and did not initially appear, plead, or otherwise defend in this action. Declaration Patrick J. Cerillo, Esq. in Support of Motion for Entry of Default Judgment, ECF No. 15-5 ¶¶ 6-7. Plaintiff filed a motion for entry of default against

Defendant on October 20, 2015. ECF No. 13. The motion was granted by Magistrate Judge Waldor, and default was entered by the Clerk of the Court on November 9, 2015. ECF No. 14.

Plaintiff moved for default judgment against Defendant Waller on December 14, 2015. ECF No. 15. Plaintiff seeks: (A) $96,000 in statutory damages under 17 U.S.C. § 504(c)(1); (B) $1,657.00 in attorney's fees and costs under 17 U.S.C. § 505, plus post-judgment interests on both amounts; and (C) an injunction barring Defendant Waller from continuing to infringe Plaintiff's rights in the copyrighted works and ordering Defendant to destroy all copies of the copyrighted works in his possession, custody, or control. Proposed Default Judgment and Permanent Injunction Against Defendant Robert Waller, ECF No. 15-6 at 3-4; ECF No. 15-5 ¶¶ 8-9 (itemizing costs and attorneys' fees).

On December 23, 2015, Defendant Waller moved to set aside the Clerk's entry of default. Mot. Set Aside Default, ECF No. 16. Defendant argues that good cause exists to set aside the entry of default because it was not the result of culpable conduct by Defendant, Defendant has a meritorious defense, and Plaintiff will not be prejudiced by setting aside the entry of default.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs both the clerk's entry of default and a court's later issuance of a default judgment. Because a default judgment prevents a plaintiff's claims from being decided on the merits, the Court "does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194–95 (3d Cir. 1984). Cases should be "disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Under Fed. R. Civ. P. 55(c), a district court "may set aside an entry of default for good cause." In exercising this discretion, a court must consider (1) "whether the plaintiff will be

prejudiced," (2) "whether the defendant has a meritorious defense," and (3) "whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256–57 (3d Cir. 2008) (quoting *$55,518.05 in U.S. Currency*, 728 F.2d at 195).

These are the same three factors that the Third Circuit considers in determining whether to grant default judgment against a defendant. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). A party seeking default judgment must also first obtain an entry of default. *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005).

When a party moves to set aside a default, any doubts as to whether the default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys. Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). "Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982).

## DISCUSSION

Each of the three factors listed in *$55,518.05 in U.S. Currency* weighs in favor of granting Defendant's motion to set aside the Clerk's entry of default. Because the Court exercises its discretion to set aside the default, it denies Plaintiff's motion for default judgment.

### I. Defendant can raise a meritorious defense.

When considering a motion to set aside an entry of default, the Court must first consider whether the "allegations of defendant's answer, if established at trial, would constitute a complete defense to the action." *$55,518 in U.S. Currency*, 728 F.2d at 195. The defaulting party need not prove that it will prevail at trial, but it must establish that it has a defense which, on its face, is meritorious. *Pooler v. Mrs. Kurbitis Realty, LLC*, 2015 WL 5897455, at *2 (D.N.J. Oct. 7, 2015) (citing *$55,518 in U.S. Currency*, 728 F.2d at 195). If the defaulting party cannot

5

establish a litigable defense, the other factors need not be considered. *Wingate Inns Intern., Inc. v. P.G.S., LLC*, 2011 WL 256327 (D.N.J. Jan. 26, 2011) (citing *$55,518 in U.S. Currency*, 728 F.2d at 195).

Defendant claims that he has a meritorious defense to this action because "all Plaintiff has proven is that Defendant's internet connection happens to operate under the IP address in issue," not that "Defendant actually caused or is responsible for the alleged infringement of Plaintiff's copyrightable materials." ECF No. 16 at 5. Essentially, Defendant argues that someone else may have been using his IP address to commit the alleged copyright infringement. Courts in nearly identical cases have recognized this as a valid defense. In another Malibu copyright infringement case, for example, the Eastern District of Pennsylvania initially denied defendant's motion to dismiss on the same IP address ground because the defense "raised factual issues about [defendant's] identity more properly dealt with during discovery." *Malibu Media, LLC v. Doe*, 82 F. Supp. 3d 650, 656 (E.D. Pa. 2015). After the parties conducted discovery, the court denied plaintiff Malibu's motion for summary judgment, holding that a genuine issue of material fact existed as to whether defendant had infringed on the copyrights even though Malibu had demonstrated that defendant was the only resident of his apartment during the relevant period, defendant's wife and son could not access the internet or use BitTorrent, defendant's computer was password-protected, and images of several of defendant's computer devices contained evidence of BitTorrent use and a single fragment of a copyrighted work. *Id*; *see also Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *5 (D.N.J. Jan. 21, 2014) ("[C]ourts have held that . . . many owners of the IP addresses did not download the Works and thus are not the alleged infringers") (citing cases); *Patrick Collins, Inc. v. John Does 1-13*, 2013 WL 3466833, at *4 (D.N.J. July 10, 2013) (acknowledging defendants' argument that "it is possible

the internet subscriber did not download the infringing material"); *cf Malibu Media, LLC v. Flanagan*, 2014 WL 2957701, at *1 (E.D. Pa. July 1, 2014) (granting default judgment against defendant even though defendant's wife, and not defendant, was the owner of the IP address associated with infringing activity because Malibu asserted that "a majority of its' subscribers are males, and the Defendant's online activities, hobbies, and interest implicate that he was the infringer, and not his wife.").

Plaintiff may or may not be able to demonstrate that Defendant, and not some other person, used IP address 24.0.1.237 to infringe its copyrights, but it has not yet done so. Because Defendant has asserted more than a "simple denial[ ] or conclusionary statement," *$55,518.05 in U.S. Currency*, 728 F.2d at 195, the defense is meritorious, and the first factor weighs in favor of setting aside the entry of default.

## II. Plaintiff will not be prejudiced by setting aside the entry of default.

Prejudice in the Fed. R. Civ. P. 55 context "is established when a plaintiff's ability to pursue the claim has been hindered by, for example, loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523-24 (3d Cir. 2006) (citations omitted). Prejudice is generally not established simply by a plaintiff's "[d]elay in realizing satisfaction on a claim." *S.G. Enterprise, LLC v. Seaboard Paper and Twine*, 2015 WL 3630965, at *2 (D.N.J. June 10, 2015) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982)).

Plaintiff will not be prejudiced by setting aside the Clerk's entry of default. To the extent that Defendant is a "habitual and persistent BitTorrent user and copyright infringer," as alleged in the amended complaint, ECF No. 8 at 26, and continues to use BitTorrent to infringe

Plaintiff's copyrights, the amount Plaintiff claims it is owed will increase if default is vacated and the Court does not grant default judgment in favor of Plaintiff. But this increased amount will be recoverable if Plaintiff successfully litigates its claim, so Plaintiff is not prejudiced by the allegedly mounting harm. *See Wingate Inns Intern.*, 2011 WL 256327, at *3. Because there is no indication that any evidence will be lost, that any fraud or collusion will occur, or that Plaintiff's ability to litigate the matter will be affected if the default is set aside, the Court finds that Plaintiff will not be prejudiced. *See id.* (finding no prejudice to plaintiff, granting defendant's motion to set aside default, and denying plaintiff's motion for default judgment).

### III. The default was not the result of Defendant's culpable conduct.

The final *$55,518.05 in U.S. Currency* factor is "whether the default was the result of the defendant's culpable conduct." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. "'Culpable conduct' surpasses mere negligence and consists of willful, intentional, reckless or bad faith behavior." *S.G. Enterprise*, 2015 WL 3630965, at *3 (citing *Hritz*, 732 F.2d at 1182). Although "[r]eckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard," *Hritz*, 732 F.2d at 1183, a mere failure to respond to a claim despite having notice is generally not culpable conduct. *Wingate Inns Intern.*, 2011 WL 256327, at *4 (finding no culpable conduct where failure to respond "was the result of miscommunication and ignorance, not bad faith or strategy").

Here, Defendant was served with a copy of the amended complaint, the first to name him as a defendant, on September 25, 2015. ECF No. 12. Defendant claims that he failed to timely respond to the complaint and the motion for entry of default filed on October 20, 2015, ECF No. 13, because he had not yet retained counsel and was "overwhelmed and confused by the litigation process." ECF No. 16 at 7. Defendant also argues that the speed with which he

8

eventually filed his motion to set aside the default – less than one week after he retained counsel – weighs against a finding that he acted culpably. *Id.*

The Court finds that Defendant's failure to respond to Plaintiff's filings was the result of ignorance and negligence, not "deliberate or willful trial strategy." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 421 (3d Cir. 1987); *see also Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 146-48 (E.D. Pa. 2001) (default not due to culpable conduct where legally inexperienced defendant neglected to obtain legal counsel for nearly three months but retained counsel and filed motion to set aside default after being informed that plaintiff was seeking entry of default judgment). The default was not the result of culpable conduct by Defendant, and the final factor weighs in favor of setting aside the entry of default.

## CONCLUSION

The Court finds that all three *$55,518.05 in U.S. Currency* factors weigh in favor of setting aside the entry of default: Defendant presents a meritorious defense, setting aside the default will not prejudice Plaintiff, and the default was not the result of Defendant's culpable conduct. Because the Court grants Defendant's motion to set aside the default, it denies Plaintiff's motion for default judgment. An appropriate order follows.

DATE: 15 January 2016

William H. Walls
Senior United States District Court Judge

9